The Goodfellow Shoe Company, *a corporation* v. Al. Griffith, W. M. Griffith and James L. Moss, *as* Griffith Bros. & Moss, and A. A. Crowell.

(Filed September 9, 1903.)

ATTACHMENT—Jurisdiction of Probate Court. The probate courts of this territory have no jurisdiction to issue an order of attachment to be levied upon real estate.

(Syllabus by the Court.)

*Error from the Probate Court of Garfield County; before M. C. Garber, Trial Judge.*

*Chas. J. West,* for plaintiff in error.

*W. S. Denton,* for defendants in error.

Opinion of the court by

HAINER, J.: This is an action commenced in the probate court of Garfield county against the defendants in error, to recover the sum of $309.01, for goods, wares and merchandise sold to the defendants by the plaintiff. Upon filing the petition, the plaintiff caused the probate court to issue an attachment, and the same was levied by the sheriff upon lot 16, in block 17, in the town of Waukomis. The defendants moved to discharge the property attached, on the ground that real property cannot be levied upon under an order of attachment issued out of the probate court. There was no dispute as to the facts, it being admitted that the writ was issued, commanding the sheriff to attach the lands, tenements, goods and chattels of the defendant, J. L. Moss, and that the same was levied upon real estate only, which was situated in the town of Waukomis, Garfield county, Oklahoma. The court sustained the motion to discharge the property attached, and the plaintiff brings the case here for review.

The sole question presented for our consideration is, whether the probate court is vested with jurisdiction to issue an order of attachment to be levied upon real estate. Section 1562 of the statutes of 1893 provides that probate courts shall not have jurisdiction:

"In any matter wherein the title or boundaries of land may be in dispute, nor to order or decree the sale or partition of real estate."

It will thus be seen that the probate courts have no jurisdiction in this territory to order or decree the sale of real estate. The language of the statute seems to be clear, explicit, and mandatory. If the probate courts have no juris-

diction to order or decree the sale of real estate, it must follow that they have no power to order an attachment to be levied thereon. The power to order an attachment to be levied upon real estate implies the power to order or decree the sale thereof. It follows that the order of attachment issued out of the probate court to be levied upon the lands and tenements of the defendant was void for want of jurisdiction, and the motion to discharge the property attached was rightfully sustained.

The judgment of the probate court of Garfield county was right, and it is therefore hereby affirmed.

Burford, C. J., and Gillette, J., absent; all the other Justices concurring.